IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BILLY D. WILLIAMS                                                    PLAINTIFF

vs.                                    Civil No. 4:12-cv-04120

CAROLYN W. COLVIN                                                   DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Billy D. Williams ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his applications for a

period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income

("SSI") under Titles II and XVI of the Act.  The Parties have consented to the jurisdiction of a

magistrate judge to conduct any and all proceedings in this case, including conducting the trial,

ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 12.[1]

Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final

judgment in this matter.

## 1.   Background:

Plaintiff filed his disability applications on November 6, 2008.  (Tr. 14, 73-76, 416-419).

In his applications, Plaintiff claims to be disabled due to severe back problems.  (Tr. 94).

Specifically, he claims the following: "I have a lumbar disc disease and it will not allow me to do

bending and lifting at all because of the severe pain it puts me in."  (Tr. 95).  Plaintiff alleges an

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

1

onset date of August 27, 2008. (Tr. 14, 73, 416). These applications were denied initially and again upon reconsideration. (Tr. 28-29). Thereafter, on November 9, 2010, Plaintiff requested an administrative hearing, and this hearing request was granted. (Tr. 37-39, 47-70).

Plaintiff's administrative hearing was held on July 7, 2011 in Texarkana, Arkansas. (Tr. 429-446). Plaintiff was present at this hearing and was represented by counsel. *Id.* Plaintiff and Vocational Expert ("VE") Joyce Shoop testified at this hearing. *Id.* As of the date of this hearing, Plaintiff was forty-three (43) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB) and 20 C.F.R. § 416.963(c) (2008) (SSI). (Tr. 431). As for his level of education, Plaintiff testified he graduated from high school. (Tr. 432).

On July 15, 2011, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 14-24). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2012. (Tr. 16, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 27, 2008, his alleged onset date. (Tr. 16, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease, status post lumbar fusion, and carpal tunnel syndrome. (Tr. 16-18, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 19, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 19-22, Findings 5-6). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). The claimant has the ability to lift 10 pounds occasionally and less than 10 pounds frequently. The claimant can stand or walk for 2 hours in an 8 hour day or sit for 6 hours in an 8 hour day. He should not climb, use ropes, scaffolds, or ladders. He should perform no stooping/bending; no crawling; and no work around vibrations.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was unable to perform any of his PRW. (Tr. 23, Finding 7). The ALJ then determined whether a hypothetical individual with Plaintiff's limitations retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 23-24, Finding 11). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon this testimony, the ALJ determined Plaintiff retained the capacity to perform representative occupations such as a document preparer (sedentary, unskilled) with 4,000 such jobs in Arkansas, 18,000 such jobs in Texas, and 136,000 such jobs in the nation; final assembler (sedentary, unskilled) with 795 such jobs in Arkansas, 3,700 such jobs in Texas, and 58,000 such jobs in the nation; and stuffer (sedentary, unskilled) with 285 such jobs in Arkansas, 3,600 such jobs in Texas, and 36,000 such jobs in the nation. *Id.* Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability as defined in the Act from his alleged onset date of August 27, 2008 through the date of the ALJ's decision or through July 15, 2011. (Tr. 24, Finding 12).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 10). On September 18, 2012, the Appeals Council declined to review this unfavorable decision. (Tr. 6-8). On October 9, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on February 26, 2013. Both Parties have filed appeal

3

briefs.  ECF Nos. 9, 11.  This case is now ready for decision.

## 2.    __Applicable Law:__

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive

4

months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.**     **Discussion:**

In his appeal brief, Plaintiff claims the ALJ's decision is not supported by substantial evidence in the record.  ECF No. 9.  Specifically, Plaintiff claims the following: (1) the ALJ improperly determined his impairments did not meet the requirements of Listing 1.02 and 1.04(C); (2) the ALJ erred in adopting the state agency examiners' opinions; (3) the ALJ failed to properly assess his chronic pain; and (4) the ALJ erred by presenting an insufficient hypothetical to the VE. *Id.*  Because the ALJ improperly evaluated Plaintiff's subjective complaints, the Court will only address his third argument for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five

factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity.
*See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not even remotely comply with the requirements of *Polaski*.
(19-22). Instead, the ALJ stated the *Polaski* factors and recognized he should consider those factors.
(Tr. 20). Then, the ALJ specifically disregarded *Polaski* by discounting Plaintiff's subjective complaints because they were not supported by his medical records:

> In this case, the clamant appears to be sincere and genuine regarding the pain and
> limitations he states he experienced with the medical impairments. If accepted as
> described, the claimant would be prevented from completing even sedentary
> exertional functions. *However, claimant's most serious symptoms and limitations
> are simply outside the range of reasonable attribution according to the medical
> opinions of record. Luna v. Bowen,* 834 F.2d 161, 164 n.3 (10th Cir. 1987). As
> indicated hereinafter, the medically determinable impairments cannot reasonably be
> expected to produce the symptoms to the degree alleged by the claimant.

(Tr. 22) (emphasis added). This was entirely inappropriate and improper under *Polaski*. The *Polaski* factors should be considered so that the ALJ does not discount the claimant's subjective complaints based upon the medical records alone. *See Polaski,* 739 F.2d at 1322 (holding "[t]he adjudicator may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them"). Accordingly, this case must be reversed and remanded for further consideration of Plaintiff's subjective complaints in accordance with *Polaski*.

## 4.    <u>Conclusion:</u>

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[3]  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure

---

[3] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski.*  No part of this remand should be interpreted as an instruction that disability benefits be awarded.  Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.

52 and 58.

       **ENTERED this 30th day of September 2013.**

                                     /s/   Barry A. Bryant
                                     HON. BARRY A. BRYANT
                                     U.S. MAGISTRATE JUDGE